# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**RICHARD ASHBAUGH,**

    Petitioner,

v.                         **CIVIL ACTION NO. 3:06-CV-102**
                             **CRIMINAL ACTION NO. 3:05-CR-60-1**
                             **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## THAT CASE BE DISMISSED AND STRICKEN FROM DOCKET

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Order dated November 7, 2006 [Crim. Doc. 94], this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on July 5, 2007 [Crim. Doc. 100]. In that filing, the magistrate judge recommended that this Court deny and dismiss the *pro se* plaintiff's complaint filed under 28 U.S.C. § 2255 [Crim. Doc. 87] because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Seibert's R & R were due by July 19, 2007 [Crim. Doc. 100], pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  To date, no objections to the R & R have been filed.  Accordingly, this Court will review the report and recommendation for clear error.

On January 4, 2006, the petitioner signed a plea agreement by which he agreed to plead to Count 1 of the Indictment, Aiding and Abetting the Distribution of Heroin Resulting in Death.  Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence.  Further, at his January 4, 2006, plea hearing, the Court made a thorough examination of the terms of the plea agreement, and the petitioner stated that he understood and agreed with all its terms.  The petitioner then entered his guilty plea, stating under oath that it was of his own free will.  The petitioner was then sentenced on March 20, 2006, to a term of 240 months imprisonment and did not file a direct appeal.

Upon careful review of the report and recommendation, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation** [Crim. Doc. 100] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Therefore, this Court hereby **DENIES** the 2255 petition [Civ. Doc. 1 / Crim Doc. 87].  Accordingly, the Court hereby **DIRECTS** the Clerk to **DISMISS** petitioner's Motion to Vacate [Civ. Doc. 1 / Crim. Doc. 87] and to **STRIKE** it from the active dockets of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit by certified mail a copy of this Order to any counsel of record and the *pro se* petitioner.

**DATED:** October 25, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE